UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

INSTITUTO BIBLICO PABLO VI,
FUNDACION DE AMIGOS, INC.,

Debtor,
_____/

Chapter 11

Case No.: 6:09-bk-06010-KSJ

## CONFIRMATION AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared Orlando Navas, who is personally known to me and who being first duly sworn by me, deposes and says under oath:

1. The undersigned is Orlando Navas, President of the Debtor, and has personal knowledge of the facts contained herein.

2. The Debtor's Chapter 11 Plan of Reorganization complies with the applicable provisions of Title 11 of the United States Code.

3. The Debtor, INSTITUTO BIBLICO PABLO VI, FUNDACION DE AMIGOS, INC., has complied with the applicable provisions of Title 11.

4. The Plan has been proposed in good faith and not by any means forbidden by law.

5. All payments made by the Debtor for services or for costs and expenses in or in connection with the case, have been approved by, or is subject to the approval of, the Court as reasonable.

6. The Debtor has disclosed the identity and affiliations of all individuals proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee

of the Debtor, an affiliate of the debtor participating in a joint plan with the Debtor, or a successor to the Debtor under the plan. Moreover, the appointment to, or continuance in, such office of such individual, is consistent with the interest of creditors and equity security holders and with public policy. The Debtor also has disclosed the identity of any insider that will be employed or retained by the reorganization Debtor, and the nature of any compensation for such insider.

7. Any governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtor has approved any rate change provided for in the plan, or such rate change is expressly conditioned on such approval.

8. With respect to each impaired class of claims or interest:

   (A) Each holder of a claim or interest of such class:

      (i) has accepted the plan, or

      (ii) will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date, or

   (B) If section 1111(b)(2) of this title applies to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims.

9. With respect to each class of claims or interest:

    (A)    Such class has accepted the plan; or

    (B)    Such class is not impaired under the plan.

10.    Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that:

    (A)    With respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such a claim cash equal to the allowed amount of such claim.

    (B)    With respect to a class of claims of a kind specified in sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of this title, each holder of a claim of such class will receive:

        (i)    If such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

        (ii)    Or, if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim.

    (C)    With respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in cash.

        (i)    If a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

    (ii) Over a period ending not later than 5 years after the date of the order for relief under section 301, 302 or 303; and

    (iii) In a manner not less favorable than the most favored non-priority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)); and

(D) With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

11. If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider.

12. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

13. All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of such fees on the effective date of the plan.

14. The plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to so subsection (e)(1)(B) or (g) of section 1114 of this title, at any

time prior to confirmation of the plan, for the duration of the period of the debtor has obligated itself to provide such benefits.

15. The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such statute for such obligation that first become payable after the date of the filing of the petition.

16. This is a case in which the debtor is an individual and in which the holder of an allowed unsecured claim has not objected to the confirmation of the plan.

17. All transfers of property of the plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

18. The plan does not discriminate unfairly. The plan is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

19. With respect to a class of secured claims, the plan provides:

(A) (I) That the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the Debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(II) That each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at

least the value of such holder's interest in the estate's interest in such property;

(B) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceed under (i) or (iii) of this subparagraph; or

(C) For the realization by such holders of the indubitable equivalent of such claims.

20. With respect to a class of unsecured claims:

(A) The plan provides that each holder of a claim of such class receive or retain on account of such claim property of value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(B) The holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements (a)(14) of this section.

21. With respect to a class of interest:

(A) The plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of

any fixed liquidation preference to which such holder is entitled, any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or

(B)   The holder of any interest that is junior to the interest of such class will not receive or retain under the plan on account of such junior interest any property.

FURTHER AFFIANT SAYETH NAUGHT.

DATED this 2 day of March 2010.

Orlando Navas, President
Instituto Biblico Pablo VI

SWORN TO AND SUBSCRIBED before me, the undersigned authority, this 2 day of March 2010, by Orlando Navas, President of the Instituto Biblico Pablo VI, Fundacion de Amigos, Inc., who __ is personally known or ✓ who produced Florida Driver's License as identification and who did take an oath.



HIRAM DELGADO
Notary Public, State of Florida
Commission# DD619791
My comm. expires Dec. 5, 2010

NOTARY PUBLIC
My Commission expires: